UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AAMIR MEMON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civ. No. 4:07-cv-3533 |
| § | |
| PINNACLE CREDIT SERVICES, LLC, § | |
| and DONALD S. BURAK d/b/a § | Jury |
| LAW OFFICES OF DONALD S. BURAK, § | |
| ESQ., § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Doc. No. 14.) After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion should be granted in part and denied in part.

### I. BACKGROUND

This case involves violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, the Texas Collection Practices Act ("TCPA"), TEX. FIN. CODE § 392.403, the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.50, as well as common law claims. The case is a consolidation of two cases, one an individual case against Defendant Pinnacle Credit Services, LLC and Donald S. Burak d/b/a Law Offices of Donald S. Burak, Esq. ("Burak I"), the other a putative class action against Defendants Donald S. Burak and APM Financial Solutions, Inc. ("APM") ("Burak II"). In Burak II, after Judge Gilmore denied Plaintiff's Motion for Class Certification, Plaintiff sought consolidation of the two cases.

1

The consolidated case was settled. Plaintiff received $5000 in damages for individual claims and Defendants agreed to pay whatever amount in fees the Court should award Plaintiff's counsel on a fee application. Plaintiff requests fees of $36,214.50 and expenses of $1,333.96. Defendants do not dispute Plaintiff should be awarded some fees for Burak I, but contend that the requested fees are unreasonable. In addition, Defendants argue that the fees should be segregated by Defendant, the hourly rate for the paraprofessional time is too high ($95/hr versus a suggested $75/hr), the attorney rate is also too high ($350/hr rather than a suggested $300/hr), some of the time billed at an attorney rate should have been billed at a paraprofessional rate, some of the time billed at a paraprofessional rate should have been billed at a clerical rate, and one time entry contains paraprofessional work lumped with clerical or secretarial tasks such that the entry is inadequately documented. Defendants also contend that Plaintiff should receive no fees for Burak II because class certification was denied.

## II. FEE AWARD

### A. Standard

As a preliminary matter, the Court notes that, under the FDCPA, attorneys fees should be awarded directly to the debtor and not to the attorneys. 15 U.S.C. § 1692k(a). *See, e.g., Hester v. Graham, Bright & Smith, L.P.*, 289 Fed. Appx. 35, at *8 (5th Cir. Aug. 4, 2008) (not designated for publication) (citing *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004)) (reversing and remanding a district court opinion for failure to award the fees directly to the plaintiff). Although this is a fair debt collection case rather than a civil rights case, other courts have applied the standards and considerations applied to 42 U.S.C. § 1988 cases to guide consideration of fair debt collection fee awards. *See*

*Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1168 (7th Cir. 1997); *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996).

In evaluating a fee award, the Court determines the amount of attorneys fees to which a prevailing party is entitled through a two-step process. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000), *cert. denied*, 533 U.S. 929 (2001). First, the court calculates the "lodestar" by multiplying the reasonable amount of hours spent on the case by the reasonable hourly rate. *Id.* A reasonable rate for attorneys fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Cope v. Duggins*, 203 F.Supp.2d 650, 655 (E.D.La. 2002) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n. 11 (1984)). Second, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] The Supreme Court has held that there is a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

In considering the reasonable hours expended, the court must determine "whether the attorneys demonstrated adequate billing judgment by '[w]riting off unproductive, excessive or redundant hours.'" *Jones v. White*, No. H-03-cv-2286, 2007 WL 2427976,

---

[1] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

3

at *2 (S.D. Tex. Aug. 22, 2007) (citing *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

### B. Analysis

#### (1) Segregation

Defendant contends that the proposed award is not reasonable in part because Plaintiff did not segregate the fees by Defendant. For this proposition, Defendants cite *American Home Assur. Co. v. United Space Alliance, LLC*, which explains that, while segregation of fees is necessary when the plaintiff brings some causes for which attorneys fees are not available, segregation is not necessary when the services rendered relate to multiple claims arising out of the same facts or transaction or the prosecution or defense entails proof of the same facts. *See* 378 F.3d 482, 494 (5th Cir. 2004) (discussing attorney's fees under Texas law); *see also Ralston Oil & Gas. Co. v. Genesco, Inc.*, 706 F.2d 685, 697 (5th Cir. 1983) (remanding for segregation of the fees between the two causes of action, one of which did not allow for attorneys fees).

Here, the fee application is made under the FDCPA that allows for attorneys fees. 15 U.S.C. § 1692k(a)(3). Defendants have not suggested that each Defendant had a different liability under the FDCPA or that the settlement was pursuant to several causes of action, some of which do not allow for attorneys fees.[2] The fee award will not be deemed unreasonable because Plaintiff's counsel did not segregate its time entries by Defendant.

#### (2) Reasonable Hours

---

[2] The TCPA and the DTPA also allow for reasonable attorneys fees. TEX. FIN. CODE § 392.403.; TEX. BUS. & COM. CODE § 17.50(d).

Where the Plaintiff's hours include repetition, unnecessary expenditure of time, and the issues are not difficult, a court may properly reduce the number of compensable hours.[3] *See Hensley*, 461 U.S. at 434 n. 9 (noting that many of the *Johnson* factors are subsumed in the lodestar calculation and may appropriately be considered during its calculation); *Cobb v. Miller*, 818 F.2d 1227, 1232 n. 8 (5th Cir. 1987). Similarly, if the time entries contain multiple tasks per entry, the court may be unable to evaluate the reasonableness of the fees. *HCC Aviation Ins. Group, Inc. v. Employers Reinsurance Corp.*, No. 3:05-cv-744(BH), 2008 WL 850419, at **6-7 (N.D. Tex. Mar. 21, 2008). When, however, the defendant does not object to the reasonableness of specific entries, it has not shown that the entries are unreasonable. *Id.* It is within the court's discretion to find that the entries are specific enough to determine that the hours claimed were reasonable. *See Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 393 (5th Cir. 2000).

Here, Plaintiff's counsel spent 120.8 hours on this case. Of the 120.8 hours, counsel spent 68.10 hours on Burak II and 52.70 hours on Burak I. In addition to objecting to all the hours spent on Burak II, Defendants object to one entry in Burak I in which paraprofessional work is lumped together with clerical tasks. This entry is billed at a paraprofessional rate of $95/hr. The Court will exercise its discretion to reduce the rate to $30/hr for this clerical work, because it is unclear how much of the one hour billed was spent on clerical versus paraprofessional tasks. Plaintiff's requested reward is thus reduced by $65. The Burak II hours are discussed below.

### (3) Reasonable Rate

---

[3] The Supreme Court has noted that many of the *Johnson* factors are subsumed in the lodestar calculation and may appropriately be considered during its calculation. *See Hensley*, 461 U.S. at 434 n. 9; *Cobb v. Miller*, 818 F.2d 1227, 1232 n. 8 (5th Cir. 1987).

The reasonable rate is determined by examining the range of market rates for attorneys with reasonable skill and experience in the community. *See Watkins v. Fordice,* 7 F.3d at 458-59. The range of market rates for lawyers in the Southern District of Texas working on debt collection cases encompasses a $300-$350/hr rate for an experienced attorney. *See, e.g., Turner v. Oxford Management, Services, Inc.,* 552 F.Supp.2d at 654. At a hearing on April 7, 2009, parties stipulated that $300/hr is a reasonable rate for Mr. Probus. (Mtn. Hr'g Apr. 7, 2009.)

Hours worked by attorneys or staff may be compensated at reduced rates for "purely clerical or secretarial work" such as factual investigation, document production, financial calculation, and drafting correspondence. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288 n. 10 (1989) (quoting *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 717). Recently, courts in the Southern District separately approved an attorney fee award for clerical work billed at $30/hr and paralegal work in the range of $75 to $120/hr. *Turner v. Oxford Management, Services, Inc.,* 552 F.Supp.2d 648, 652 n. 5 (S.D. Tex. 2008) (citing cases compensating clerical work at $30/hr and another at $50/hr); *Jones v. White,* C.A. No. H-03-2286, 2007 WL 2427976, at *3 (S.D. Tex. Aug. 22, 2007) (collecting federal district court cases in Texas, some from over ten years ago, that approve paralegal fees from $75 to $120/hr).

Here, Plaintiff contends that the rate of $350/hr for an attorney, $150/hr for an associate, and $95/hr for a paraprofessional are reasonable for a case of this complexity in the Southern District of Texas. Defendants contend that the proper rates are $300/hr for Mr. Probus and $75/hr for a paraprofessional; they do not contest that $150 is a proper rate for an associate.

Testifying via affidavit, Mr. Probus avers that he has been practicing for 18 years, has represented parties in numerous debt collection cases, including several successful class action cases, and customarily bills from $250 to $500/hr depending on the case. (Doc. No. 14, Ex. A.) In the Motion for Fees, Plaintiff's counsel cites recent cases in which Mr. Probus received an hourly fee of $350/hr in fees, including $350/hr in a recent case before this Court. *See, Eboni Jackson v. Credit Collection Services Group, Inc.*, C.A. No. 08-1593 (S.D. Tex. Oct. 16, 2008) (default judgment). Based on the range of fees approved in this district's caselaw and Mr. Probus' recent fee award history and the agreement reached on the attorney fee rate at a recent Motion Hearing, the Court finds that a rate of $300/hr is reasonable for Mr. Probus' work on this case, $150/hr is reasonable for associates' work, $95/hr is reasonable for paraprofessionals' work, and $30/hr is reasonable for clerical work. Clerical entries currently billed at a paraprofessional rate will be reduced and the rate for Mr. Probus' work will be reduced to $300/hr.

### (4) Lodestar adjustment

#### Johnson Factor 2: Novelty and Difficulty of Issues

This factor does not warrant an adjustment in this case. The claims involved in this case were not so unusual as to classify this case as legally or factually novel.

#### Johnson Factor 3: Skill Required

Plaintiff argues that Burak II required a relatively high level of skill because it involved class allegations and involved federal court practice. Courts adjust upwards for skill when, for example, the plaintiff's counsel is particularly knowledgeable about the case because he has represented the plaintiff for over a decade and succeeds on a difficult

civil rights claim. *See Thompson v. Connick*, 553 F.3d 836, 868 (5th Cir. 2008). The Court finds that the Burak I or Burak II claims did not involve such a high level of skill that the fee award should be adjusted upwards.

### Johnson Factor 8: Amount Involved and Results Obtained

Defendants argue that this factor supports a downward adjustment of the lodestar figure in this case. *See, e.g., Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (describing the degree of success obtained as the most critical factor in determining a fee award). Plaintiff contends that although Judge Gilmore did not approve class certification, the attempt to certify the class served as a deterrent to Defendants' allegedly deceptive form letters and therefore was a successful outcome that serves the public purpose of the FDCPA.

The Supreme Court has recognized that, in some cases, plaintiffs bring multiple claims based on a common core of facts and related legal theories.[4] *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* In addition, when the plaintiff has succeeded, his claim should not be reduced because the plaintiff failed to succeed on every contention raised in the lawsuit. *Id.* On the other hand, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. In deciding whether a fee is excessive,

---

[4] A consolidated action should be treated as a single action for the purpose of allowing attorneys' fees when that is appropriate under a statute providing for fees. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2385 (1995).

the court must consider whether "the requested fees ... bear a reasonable relationship to the amount in controversy or to the complexity of the case." *Northwinds Abatement v. Employers Ins.*, 258 F.3d 345, 354 (5th Cir. 2001) (citing *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir. 1987) (discussing awards in Texas state cases)). However, disproportion between the amount of attorney(s)' fees sought and the damages recovered in the lawsuit does not alone "render the award of attorneys' fees excessive." *Northwinds*, 258 F.3d at 355; *Norton v. Wilshire Credit Corp.*, 36 F.Supp.2d 216, 220 (D.N.J. 1999).

In some cases, when a party unsuccessfully advanced a class action claim, the court declined to award fees for hours spent on class certification and related issues. *See Gradisher v. Check Enforcement Unit, Inc.*, No. 1:00-cv-401, 2003 WL 187416, at *7 (W.D. Mich. Jan. 22, 2003); *cf. Lee v. Javitch, Block & Rathbone, L.P.*, 568 F.Supp.2d 870, 878-79 (S.D. Ohio 2008) (holding that, even though class certification was not ultimately successful, the briefing directly concerned the essential facts of the claim and a fee award including those hours was appropriate following a successful jury verdict); *see also Norton v. Wilshire Credit Corp.*, 36 F.Supp.2d at 221 (reducing the fee award by 5 percent because the plaintiff succeeded on only one of his four FDCPA claims where the time was not easily divisible by claim).

Defendants assert that because Judge Gilmore did not certify the class, Plaintiff should not receive fees related to Burak II. Though Plaintiff did not recover the full amount sought, counsel achieved a favorable result, a $5000 award on Plaintiff's individual claims.[5] In addition, Burak II involved a different Defendant than Burak I. The

---

[5] The Court recognizes that Plaintiff seeks approximately seven times its recovery in attorneys' fees and costs. The disparity between the final award of damages and the attorneys' fees and expenses sought in this

Court had hopes that the parties would reach an amicable agreement on fees, but as none is forthcoming and Plaintiff is entitled to fees, the Court will exercise its discretion to strike some of the entries attributed to Burak II. In making this determination, the Court will keep entries that advance both claims, for example, discovery that would help advance both an individual and class claim against APM Financial Solutions, LLC, would be counted within the fee (e.g. 7/10/08, "Received and reviewed financial statements of APM and Schedule C of Tax Return from Mr. Morris"), whereas time related solely to class issues would not (e.g. 1/29/08, "Preparation of draft of Plaintiff's Motion for Certification and Memorandum of Law in Support Thereof"). The Court's rulings as to specific entries are listed in the conclusion section of this order.

### Johnson Factor 10: Desirability of Case

Plaintiff contends that the case is undesirable because all consumer cases are undesirable and because Defendant waited to settle until the eve of trial. Defendant does not respond to this contention. The Court has not found that cases in this district adjust the lodestar for the sole reason that the plaintiff was pursing a debt collection case. *See Turner v. Oxford Management Services, Inc.*, 552 F.Supp.2d at 655; *Compton v. Taylor*, No. H-05-cv-4116, 2006 WL 1789045, at *2 (S.D. Tex. June 27, 2006). The Court declines to adjust the lodestar based on this factor.

### Other factors

As to the other factors, time and labor are subsumed in the lodestar calculation and does not alter the fee analysis (Johnson Factor 1). *See Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir.1990) (citing *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068,

---

case is not unusual and is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims.

1084 (5th Cir. 1985)). In addition, Plaintiff does not contend that the case precluded his counsel from other employment (Johnson Factor 4); the customary fee was considered during the lodestar calculation in the rate and hourly analysis (Factor 5); the contingent nature of the fee is not significant to this analysis (Factor 6);[6] the parties do not contend that any special time limitations were imposed in this case relevant to this analysis (Factor 7); and the nature and length of the professional relationship, does not weigh towards enhancement as the length of the professional relationship was the length of the case (Factor 11). The Court considered the experience, reputation, ability of counsel (Factor 9) and awards in similar cases (Factor 12) in determining counsel's reasonable hourly rates and will not consider them again here.

### (5) Fees and Costs

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs-other than attorney's fees-should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Federal courts may only award those costs itemized in 28 U.S.C. § 1920. Accordingly, recoverable costs include:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees ...; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services ....

28 U.S.C. § 1920. *See Turner v. Oxford Management Services, Inc.*, 552 F.Supp.2d 648, 657 (S.D. Tex. 2008). Here, Defendants contend that Plaintiffs should not be awarded the

---

[6] The Supreme Court determined that any difference between contingency and non-contingency rates should not be considered in the reasonable fee analysis. *See Watkins v. Fordice*, 7 F.3d at 460 (citing *City of Burlington*, 505 U.S. 557, 556-57 (1992)). *See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 727 (1987).

11

fees and costs for delivery charges. Delivery charges do not appear on the § 1920 list, and therefore the cost award will be reduced accordingly. In addition, any charges that are solely related to class issues in Burak II will be eliminated from the award.

### III. CONCLUSION

Consistent with the foregoing, Plaintiff is awarded $26,475.50 in fees and $1,201.76 in costs.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 21st day of May, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.